THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CHARLES CARSON BREWINGTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIV-20-1154-R |
| | ) | |
| STATE OF OKLAHOMA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Petitioner filed a "Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241" (Doc. No. 13). Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) the matter was referred to United States Magistrate Judge Shon T. Erwin for preliminary review. On August 20, 2021, Judge Erwin issued a Report and Recommendation wherein he recommended the Petition be construed as having been filed pursuant to 28 U.S.C. § 2254, because Petitioner challenges his underlying conviction rather than the execution of his sentence. Judge Erwin further recommends that the Petition be dismissed for lack of jurisdiction because it is second or successive and Petitioner did not receive authorization from the Tenth Circuit Court of Appeals prior to filing the action. The matter is currently before the Court on Petitioner's timely Objection to the Report and Recommendation (Doc. No. 23) as well as a variety of motions and an Amended Petition filed at the same time as the objection. The filing of a timely objection gives rise to the Court's obligation to undertake a *de novo* review of those portions of the Report and Recommendation to which Petitioner makes specific objection. Having conducted such review, the Court hereby ADOPTS the Report

and Recommendation, DENIES all pending motions and DISMISSES the Petition and Amended Petition for lack of jurisdiction.[1]

The objection to the Report and Recommendation fails to address the operative issues, namely that Petitioner is challenging his conviction, not the execution thereof, and therefore must proceed under 28 U.S.C. § 2254, not § 2241.[2] Additionally, he does not address that construing the Petition in such manner requires dismissal or transfer for lack of jurisdiction, because Petitioner previously pursued relief under § 2254, which was denied by this Court.[3] Accordingly, nothing in the objection provides a basis for avoid the recommendation set forth by Judge Erwin. Because this Court lacks jurisdiction and because transfer of this action to the Tenth Circuit is not in the interest of justice, Petitioner's outstanding motions are denied as moot. (Doc. Nos. 15, 21, 24, 26, and 27).

Finally, Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny of Certificate of Appealability upon entering a final adverse order. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows,

---

[1] The Court liberally construes Petitioner's filings in light of his *pro se* status, but will not craft arguments on his behalf or serve as his advocate.

[2] In a document entitled "Amended and Supplemented First Impression Constitutional Question Petition for a 28 U.S.C.)( 2241 Habeas Corpus or 28 U.S.C. § )( 1651, Doc. 28, Petitioner takes issue with the recommendation to treat his Amended Petition as having been filed pursuant to 28 U.S.C. § 2254 rather than § 2241. Petitioner, however, is clearly challenging the jurisdiction of the state court over his criminal proceedings, and may proceed only pursuant to 28 U.S.C. § 2254. "Petitions under § 2241 are used to attack the execution of a sentence, in contrast to § 2254 habeas . . . proceedings, which are used to collaterally attack the validity of a conviction and sentence." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (citations omitted)). Here Petitioner is challenging the jurisdiction of the state court, which is an attack on his conviction and sentence and must be brought under § 2254. *See Yellowbear v. Wyo. Atty. Gen.*, 525 F.3d 921, 924 (10th Cir. 2008) (recognizing that § 2241 is not the proper vehicle to challenge state court jurisdiction over the petitioner for a crime allegedly committed in Indian country).

[3] A noted in the Report and Recommendation, this is actually Mr. Brewington's third attempt to challenge his conviction.

at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a Certificate of Appealability. *Id.* at 485. The Court finds nothing in the present record that suggests its ruling is debatable or an incorrect application of the law and therefore declines to issue a certificate of appealability.

For the reasons set forth herein Respondent's Motion to Dismiss (Doc. No. 18) is GRANTED and the Report and Recommendation is ADOPTED. All motions filed by Respondent are DENIED AS MOOT in light of the Court's lack of jurisdiction. The Petition and Amended Petition are DISMISSED.

**IT IS ORDERED** this 3rd day of September 2021.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE